## Klein v. Commonwealth

*Louis Vaira*, for plaintiff.

*Beck, McGinnis & Jarvis*, for defendant.

CERCONE, J., September 5, 1956.—This matter comes before the court on objections filed by the Commonwealth of Pennsylvania to plaintiff's written interrogatories in proceedings involving condemnation by the Commonwealth of a parcel of land located in Forward Township in which plaintiff owned a leasehold interest.

It is not necessary for the purpose of this opinion to set forth any detailed history of the case as it has evolved to the present time. It is sufficient to say that an appeal was taken by plaintiff from the viewers' award, that after several attempts at trial by jury

in which, on one occasion, plaintiff moved for a continuance after four days of trial, and on another occasion, although a jury was picked, the case was continued for reasons beyond the control of the parties, a third jury was unable to agree on a verdict.

In deciding the propriety of plaintiff's interrogatories under the Rules of Civil Procedure pertaining to deposition and discovery, it is the opinion of this court that the problems of interpretation of the rules are as varied as the individual judgments of the interpreters, and therefore bar any effort to lay down precise limits of discovery in a particular situation, and certainly to any particular question. One thing is clear, with the advent of the 1954 amendments the rules are to receive a liberal construction beyond the practice under the original rules.

The elimination of trouble-making words such as "competency", "admissibility", "knowledge", "necessity" and "prima facie claim or defense", which were found in the original rules, fortifies the interpretation that the basis of the remedy of discovery, when used as an auxiliary process in aid of trials at law, should be simplicity itself. Otherwise, objections to every attempt at discovery would be as numerous as the facts in the case, or as varied as every inquiry contained in an interrogatory.

In the place of the words now deleted, rule 4007 provides for the discovery of any matter, not privileged, which is relevant to the subject matter involved in the action, "and will substantially aid in the preparation of the pleadings or the preparation or trial of the case". Therefore, it seems that unless some procedurally recognized objection exists in a particular case, discovery should not be refused: 5 Anderson Pa. Civ. Pract. 269.

The limitations to discovery are set forth in rules 4007 and 4011, and the Commonwealth presents them in somewhat categorical fashion as its objections to

plaintiff's interrogatories. Without attempting an exhaustive treatise concerning these objections, this court is prompt to say it will not deprive plaintiff of the right of discovery in this case on the grounds of delay or unreasonable annoyance, two of the objections raised by the Commonwealth. The court is convinced that plaintiff is making a bona fide attempt to discover facts to assist him in presenting a more complete case at trial, and is in no way interested in delaying the disposition of this matter. So far as annoyance is concerned, litigants must reconcile themselves to the fact that under the rules every inquiry carries with it some degree of annoyance, and unless unreasonable, must be accepted. So far as the questions which the court feels should be answered, it finds no unreasonable annoyance involved.

The Commonwealth's claim of privilege is a little tenuous. No information sought here must be protected against discovery for reasons of health, welfare, security or governmental privilege of the Commonwealth. In this respect the instant case is distinguishable from the case of Marks' Appeal, 121 Pa. Superior Ct. 181, cited by the Commonwealth. The Commonwealth states, as an objection, that the facts asked for by plaintiff are already known to him. However, the court does not have benefit of the transcripts of prior proceedings, and cannot judge precisely on this matter. If it is true that plaintiff already has the facts, the Commonwealth can show this in its answer, but to do so at this point of the proceedings is special pleading. The purpose of the discovery procedure is to lay bare the appropriate facts, and it is nonetheless so because both sides happen to have the same source of knowledge. Knowledge of facts is no longer an automatic barrier to discovery. The criterion now is, will the discovery substantially aid the inquirer? Of course, if the inquirer has no knowledge of the facts, the discovery will be essential. On the other hand,

the discovery may be substantial aid even if the inquirer has extensive knowledge of the facts. What can a court do under the rules but grant discovery when the inquirer has some knowledge of the facts and some means of proof, but asserts he needs more to substantially aid him in the preparation of the trial so that he may prove his case proficiently and not clumsily and wastefully: Peoples City Bank v. John Hancock Mutual Life Insurance Co., 353 Pa. 123 (1945).

The Commonwealth's objection that information sought by plaintiff is irrelevant is one not easily resolved by a court in deposition proceedings. The difficulty with any consideration of relevancy at the deposition stage is that there is often inadequate background against which to make a decision. It should be apparent that determination of irrelevancy is not to be loosely made upon the assumption that by possibility an answer may be irrelevant. Most such decisions will abide the trial and rulings at that time: Klosterman v. Clark, 78 D. & C. 263. However, if irrelevancy is inherently present in the interrogatory, the court should refuse the discovery.

The most substantial of the Commonwealth's objections in the instant case is the one based on the ground that the material and information sought by plaintiff was gathered and prepared by the Commonwealth in anticipation of litigation. Unless it is made clear by the interrogatories and the objections thereto, it would be most difficult for a court to determine the realm in which information sought is to be placed, that is to say, whether it is information found in the regular course of business, or whether it was gathered in preparation for the pleadings or trial. In Haznitz v. Ward and Ward, Legal Intelligencer, vol. 126, p. 158 (1952), the court points out that if the information sought is directed to facts which should have been known by defendant or its employes in the

natural course of its business, without any subsequent investigation, there is no merit to the objection.

Using these observations as a criterion, the court, although the interrogatories and objections thereto leave much to be desired in the way of clarifying the issues, is of the opinion that interrogatories 1, 2, 3, 4, 5, 8, 10, 11, 12, 13, 15, 16, 17, 19, 20 and 36 must be answered, because the information sought therein is not within the ambit of any procedurally recognized objection. So far as information regarding photographs and sketches is concerned, it may be sought through interrogatory procedure. In the case of Drawbaugh v. Pennsylvania P. & L. Co., 84 D. & C. 209 (1952), the court said: "Plaintiff also requested certain blueprints and photographs, but first inquired in each instance whether those blueprints or photographs were in existence and if so, where they were located. If they are in existence, we feel that it is but a technical objection to say that plaintiff should formally file a petition under rule 4009 instead of 4005. If plaintiff has a right to the blueprints and photographs, there is no reason whatsoever why they should be delayed by technical objections in securing them."

Interrogatory 37 is identical in language to interrogatory 36, and need not be considered.

Interrogatory 14 must be answered, with the exception of that portion of the interrogatory which asks for the number of photographers.

Interrogatories 6, 7, 9, 18, 38 and 39 need not be answered, because the information sought is irrelevant.

Interrogatories 21 through 35 need not be answered, because the information sought covers material and information obtained in anticipation of trial.

Interrogatories 40 through 44 need not be answered, because the information sought involves argumentative matter.